## Charles S. French et al. v. The Northern Trust Co., Trustee, etc.

1. COURTS OF EQUITY—*Power to Accept Resignations of Trustees and to Appoint Their Successors.*—The fact that a testator by a clause in his will states that a person to whom a legacy is given has shown indications of not being in his right mind, and directs that his entire share shall go and be vested in a trustee, but shows no intention in such will to put the estate so bequeathed to such person out of his control during his entire life, upon the resignation of the trustee nominated in the will, a court of equity may enter a decree accepting his resignation and appoint another as his successor, with the same powers as conferred by the will upon the original trustee.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

Statement.—Appellant Charles S. French, having obtained a judgment against appellant Charles J. Walter, for over $9,000, had execution issued thereon, and after demand, the same was returned, no property found and no part satisfied. Whereupon French filed a creditor's bill against the Northern Trust Company and Charles Joel Walter, alleging that it, as trustee for Walter, had in its hands cash and securities amounting to upward of $48,000, and asked that a sufficient amount thereof to pay the aforesaid judgment should be turned over for the satisfaction thereof.

The bill alleges that in 1875, Jerusha Maxwell, the grandmother of Charles Joel Walter, died, testate, bequeathing

by her will certain property in equal shares to Ida Ophelia Walter and Charles Joel Walter. As to the bequest to Charles Joel Walter, item five of the will was as follows:

Item 5. "As Charles Joel Walter has shown indications of not being in his right mind, I direct that his entire share shall go to and be vested in a trustee, who shall see that the said Charles Joel is properly maintained and comfortably provided for out of such property held by such trustee, he using such amount for that purpose as in his discretion shall seem best, with power in said trustee to sell and convey any property belonging to share of said Charles Joel, when in his discretion it shall appear proper; and said trustee shall convey, transfer and deliver to said Charles Joel his share when said trustee shall be satisfied that said Charles Joel is competent to take care of the same and not before, unless Joel C. Walter, father of said Charles Joel, shall direct said trustee so to do, and said Charles Joel is to have no power to control, dispose of or incumber such share by any act done or suffered by him, until same shall have been actually conveyed to him by said trustee. In case of death of said Charles Joel before property covered by this item is turned over to him by said trustee, the legal title shall vest in his heirs. I nominate and appoint Alonzo J. Willard to be trustee under this item with respect to share allotted to said Charles Joel. In case of his death or refusal to accept, then in default of further appointment by me, the executors and trustees under will of his father, Joel C. Walter, or such other person or persons as said Joel C. shall by will or deed appoint, shall be such trustees."

The bill further sets forth that said Willard assumed to and did act as trustee under the will until 1886, and at various times conveyed to said Charles Joel Walter, at his request, much of the real estate comprised in the said demise for the benefit of Charles Joel Walter, and that Charles Joel Walter has since conveyed said real estate so acquired by him to divers persons for value. That in 1886 said Willard, as such trustee, filed his bill in the Superior Court of Cook County against said Charles Joel Walter, Joel C. Walter and others, without question as to mental incapacity or mental disability of said Charles Joel Walter, and asked that he, said Willard, be relieved of his trusteeship. That Charles Joel Walter answered said bill,

Anson B. Jenks appearing as his solicitor, and on December 15, 1886, a decree was entered under said bill and answer, accepting the resignation of said Willard and appointing said Jenks as trustee, with like powers as those conferred upon said Willard by the last will and testament of Jerusha Maxwell; that after said decree, said Jenks acted as trustee until 1899, when he filed his bill in the Superior Court, naming said Charles Joel Walter as defendant, without suggestion of mental infirmities or lunacy, and asked to be relieved of his duties as such trustee, to which bill said Charles Joel Walter filed his answer on the same day, and on the 16th day of May, 1899, a decree was entered upon said bill and answer, accepting the resignation of said Jenks and appointing the Northern Trust Company as trustees for the estate and property of Charles Joel Walter, under said will of Jerusha Maxwell, with the same powers, duties and obligations as the trustee originally named under said will.

That the Northern Trust Company thereupon assumed to act as this trustee and is now acting as such; that said Charles Joel Walter is wholly sane and capable of contracting and so has been for upward of twenty years last past.

The Northern Trust Company answered that it had in its hands, as such trustee, funds amounting to $48,000, and among other things set forth that neither said Willard, nor Jenks, nor respondent, while acting as trustee, were satisfied that Charles Joel Walter was or is competent to take care of said funds or any part thereof, and respondent shows upon information and belief that said Charles Joel Walter is not now competent to take care of such fund, and if the principal or any part thereof were placed in his hands or subject to lien created by him, the sum would be lost to him and his heirs; and further answering, said that Joel C. Walter, the father of Charles Joel Walter, never directed said trustees or any of them to convey, transfer or set over to the said Charles Joel Walter, any part of said estate now in the hands of said respondent; that said Charles Joel Walter is a married man, with two living children,

French v. Northern Trust Co.

Mary Ophelia Walter and Howard E. Walter; that the name of his wife is unknown; that the said wife and children are necessary parties, because they are interested in the final disposition of said estate; and respondent prayed the same benefit as if it had demurred to the bill for want of proper parties.

Thereafter Charles Joel Walter filed his cross-bill, setting up, with the exceptions of the allegations as to the judgment against him, substantially the matters contained in the original bill and prayed that the estate, then in the hands of the Northern Trust Company, as such trustee, be turned over to him.    The court upon a hearing dismissed the bill of Charles Joel Walter for want of equity and dismissed the original bill of Charles S. French for want of equity apparent on its face.

W. J. LAVERY, attorney for Charles J. Walter, appellant.

R. H. TOWNE, attorney for Charles S. French, appellant.

DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The contention of appellants is principally, first, that the will of Mrs. Maxwell provides that a peculiar method for the selection of trustees who might succeed to Willard was appointed by her will, and insists that that method has not been followed, and that therefore the Northern Trust Company is no longer authorized to act as trustee; second, that the will of Mrs. Maxwell contemplated that the estate bequeathed to Charles Joel Walter should remain in trust only during such time as he was of unsound mind, and that as he is now entirely *compos mentis* the estate should be turned over to him.    A very excellent brief has been submitted by appellants' attorneys upon the subject of succession in trusteeship.

Granting that Charles Joel Walter is now, and for many years has been of sound mind, and has been so treated and regarded by the various trustees of his estate, it appears that the resignation of the trustee nominated by the will,

Alonzo J. Willard, and the appointment of Anson B. Jenks as his successor, was by the decree of the Superior Court in a proceeding to which the *cestui que trust*, Charles J. Walter, was a party assenting thereto, and that the subs·quent resignation of Anson B. Jenks and the appointment of the Northern Trust Company as his successor was by virtue of a decree of the Superior Court of Cook County in a proceeding to which Charles Joel Walter was an assenting party. Such changes of trusteeship as have been made having been with the assent of Charles Joel Walter, can not now be complained of by him. The reasons for placing the estate bequeathed to Charles J. Walter in the hands of a trustee are stated in the will. They are not that he was *non compos mentis*, but that he had shown indications of not being in his right mind. The testatrix might have placed in trust the estate she gave to him without indicating any reason therefor. The reason given is a mere indication of her opinion as to indications he had shown, and it is not necessary for the purpose of continuing the trust, that it should appear that her judgment was then well founded or has since been shown to have been well taken.

The entire clause—and there is nothing in the will detracting in any way from the force of item 5—indicated that the testatrix intended to put the estate bequeathed to Charles Joel Walter out of his control during his entire life, unless the trustees of such estate should be satisfied—not that he was sane, free from delusions, of composed and sound mind, but satisfied that said Charles Joel is competent to take care of the same, and not before; unless Joel C. Walter, father of said Charles Joel Walter should direct said trustee so to do. And the will further, by way of effectually placing the bequeathed estate beyond the reach of any act of said Charles Joel Walter, whether sane or insane, provides that he is to have no power to control, dispose of or incumber said share by any act done or suffered by him, until same shall have been actually conveyed to him by said trustee.

Appellants urge that because previous trustees have conveyed to Charles Joel Walter certain real estate held by them, therefore the present trustee must turn over the personal property in his hands. We do not think that this by any means follows. Whether the previous trustees were justified in doing as they did in this regard is not now for our consideration. The turning over of the estate to the *cestui que trust* is under the will a matter of discretion to be exercised under judgment.

We can well understand that a trustee might turn over a portion of the estate, pieces of real estate, with a view to ascertain by actual trial, the competency of the *cestui que trust* to manage his property.

The condition of affairs presented in this suit does not seem to indicate that such discretion has been heretofore wisely exercised, as the appellant Charles Joel Walter, for many years, ever since the death of his grandmother, has been in the receipt of a considerable cash income, augmented by addition thereto made under the will of his father, and yet we find him now owing an unsatisfied judgment amounting to over $9,000, which the sheriff of this county has returned, no property found and no part satisfied.

It is true, as is urged by appellants, that ordinarily where things are to be done to the satisfaction of a party, such party is bound to be satisfied when, under the circumstances, all reasonable men would be. We do not think that the trustee has no warrant for thinking the *cestui que trust* incompetent to take care of his estate.

The decree of the Circuit Court is affirmed.